HICKS, PLAINTIFF AND APPELLANT, v. TEXAS COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 3368.—Decided January 30, 1925.

VOLUNTARY DISMISSAL—APPEAL.—After a voluntary dismissal the general rule is that no appeal lies.

AMENDMENT.—An amendment to substitute the defendant by another totally different person is not permissible.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón* for the appellant.

*Messrs. O. B. Frazer* and *R. Castro Fernández* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the appellant, as complainant in the court below, dismissed his action against the defendant. He acknowledged that he had sued the wrong person. Then by motion or amendment he sought to bring the supposed proper defendant before the court.

After a voluntary dismissal the general rule is that no appeal lies. *Sanders Philippi, Ltd.,* v. *Widow of Baigés & Sons,* 32 P.R.R. 786; *Ramírez & Co.* v. *Cruz & Co.,* judgment of November 24, 1924. So that the case not falling under any recognized exception, so much of the assignment of error as relates to matters occurring before dismissal should be ignored.

After dismissal a motion was made to bring in a totally distinct person of a similar name. The motion was not acted on by the court and the appeal was in this regard premature.

If the motion is to be considered on its merits it is evident that the defendant, The Texas Co., has absolutely no relation, interest or nexus with some other person whose name is similar. To amend, the motion should be directed to the person against whom judgment, if only in costs, may ultimately be rendered. There is absolutely no reason why a person wrongly sued should be further vexed. As there was no person before the court against whom judgment could ever be pronounced on the alleged obligation, the court had no power of amendment and there was nothing to amend by. A person accidentally summoned to court may not serve as a stepping-stone to get the proper person before the court, but such a proposed defendant must be summoned or cited in due course. A new suit is necessary.

Similarly, as the dismissal sent The Texas Co. out of

court, there was no one on whom an appeal could be served. The appeal should be dismissed on these accounts and because it is frivolous.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.